IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**OLLETTA JONES**                                                                                       **PLAINTIFF**

**V.**                                                      **CIVIL ACTION NO. 2:14cv00128-KS-MTP**

**JONES COUNTY, MISSISSIPPI,**
**JONES COUNTY SHERIFF ALEX**
**HODGE, IN HIS OFFICIAL CAPACITY,**
**JONES COUNTY DEPUTY SHERIFF**
**ABRAHAM MCKENZIE, IN HIS**
**OFFICIAL AND INDIVIDUAL**
**CAPACITIES, AND UNKNOWN**
**SHERIFF'S DEPUTIES 1-10, IN**
**THEIR OFFICIAL CAPACITIES**                                      **DEFENDANTS**

**AMENDED COMPLAINT**
(*Plaintiff Demands a Jury Trial*)

COMES NOW, Plaintiff Olletta Jones, by and through the undersigned counsel, and files this *Amended Complaint* against Defendants Jones County, Mississippi, Jones County Sheriff Alex Hodge, in his official capacity, Jones County Deputy Sheriff Abraham McKenzie, in his official and individual capacities, and unknown Sheriff's Deputies 1-10, in their official capacities. In support thereof, Plaintiff asserts as follows:

**PARTIES**

1.      Plaintiff Olletta Jones is a Mississippi resident who resides in Newton County, Mississippi.

2.      Defendant Jones County, Mississippi is a governmental entity of the State of Mississippi. The Defendant may be served with process by serving its attorneys, Gary E. Friedman,

Esq. and H. David Clark, Esq., pursuant to Rule 5 of the Federal Rules of Civil Procedure.

3.     Defendant Jones County Sheriff Alex Hodge may be served with process by serving his attorneys, Gary E. Friedman, Esq. and H. David Clark, Esq., pursuant to Rule 5 of the Federal Rules of Civil Procedure.

4.     Defendant Jones County Deputy Sheriff Abraham McKenzie may be served with process by serving his attorneys, Gary E. Friedman, Esq. and H. David Clark, Esq., pursuant to Rule 5 of the Federal Rules of Civil Procedure.

5.     All unknown Defendant Sheriff's Deputies may be served with process at their place of employment, 419 Yates Street, Laurel, Mississippi 39440.

## JURISDICTION

6.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

7.     Further, the actions complained of constitute arbitrary governmental action in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FACTS

8.     On or about February 22, 2014, the Plaintiff was attending a sporting event at Northeast Jones High School in Laurel, Mississippi when she was arrested without just cause and taken into custody by the Jones County Sheriff's Department and lodged in the Jones County jail.

9.     As the Plaintiff was preparing to leave the Northeast Jones High School gymnasium, Deputy Sheriff Abraham McKenzie grabbed her arm, pulled her down multiple bleachers, twisting her arm, threw her to the floor, injuring her knee, and began dragging the Plaintiff towards the entrance of the gymnasium in the presence of hundreds of people.

10.     After arriving at the entrance to the gymnasium, Deputy Sheriff McKenzie, without

just cause, began to spray mace at the onlookers, as well as the Plaintiff.

11.     While spraying mace, Deputy Sheriff McKenzie released the Plaintiff and left her without saying a word.

12.     After the Plaintiff had been sitting in a vehicle waiting over fifteen minutes for relatives to return, three Jones County Deputies approached the vehicle, demanded she get out of the vehicle, and told her that she was under arrest.  After the Plaintiff questioned why she was being arrested, a deputy informed her she was being arrested for disorderly conduct and resisting arrest.

13.     The Plaintiff was handcuffed behind her back and placed in a Deputy Sheriff's vehicle where she was left for approximately an hour before a female deputy transported the Plaintiff to the Jones County Sheriff's Department.

14.     The Plaintiff was placed in a jail cell without shoes until she was processed and finally released after posting a bond to confirm that she would appear before a Justice Court Judge in Ellisville, Mississippi on March 26, 2014 at 2:00 p.m. for a trial.

15.     On March 26, 2014, the Plaintiff appeared before a Justice Court Judge in Ellisville, Mississippi.  However, after a search by the court staff, it was discovered that there was no record in the court's system of the Plaintiff's arrest.  After the Judge was provided with the Plaintiff's bond paperwork, he found that although the Plaintiff was arrested, no charges were brought against the Plaintiff and told her that she was free to go.

16.     The Defendants were at all times acting under the color of state law.

## CAUSES OF ACTION

### COUNT ONE - VIOLATION OF 42 U.S.C. § 1983: ARREST

17.     Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

18. At no time on or about February 22, 2014 did the Plaintiff violate any law.

19. Upon information and belief, the Defendants have a policy, practice, and/or custom of arresting individuals without probable cause.

20. As a result of the Defendants' unlawful arrest, the Plaintiff was subjected to an unreasonable seizure, a clear deprivation of her Fourth and Fourteenth Amendment rights.

**COUNT TWO -  VIOLATION OF 42 U.S.C. § 1983: DETENTION**

21. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

22. Upon information and belief, the Defendants have a policy, practice, and/or custom of detaining individuals without probable cause.

23. As a proximate cause of the Defendants' unlawful and malicious detention and confinement, the Plaintiff was deprived of her liberty in violation of her Fifth and Fourteenth Amendment rights.

**COUNT THREE - VIOLATION OF 42 U.S.C. § 1983: EXCESSIVE FORCE**

24. Plaintiff incorporates and adopts all prior paragraphs, averments, and statements.

25. Upon information and belief, the Defendants have a policy, practice, and/or custom of using excessive force when arresting individuals.

26. As a result of Defendant Abraham McKenzie's use of excessive force in detaining the Plaintiff, the Plaintiff suffered substantial injuries to her shoulder and knee, along with other injuries.

27. As a proximate cause of the Defendants' unlawful policy, practice, and/or custom, and the use of excessive force, the Plaintiff was deprived of right to be free from unreasonable searches and seizures in violation of her Fourth Amendment rights.

## **RELIEF**

WHEREFORE PREMISES CONSIDERED, the Plaintiff demands judgment for the causes of action listed herein, to include special, punitive, and compensatory damages, plus the costs of this action, including attorney's fees, and any other relief this Court deems just and equitable.

This the 28th day of May, 2015.

                                          OLLETTA JONES, PLAINTIFF

                                          By: s/ Felecia Perkins
                                          **FELECIA PERKINS, ESQ.**
                                          Mississippi Bar Number 10078
                                          **JESSICA AYERS, ESQ.**
                                          Mississippi Bar Number 103685
                                          **LAW OFFICE OF FELECIA PERKINS**, **P. A.**
                                          P .O.  Box 21
                                          Jackson, Mississippi 39205-0021
                                          Office:  (601) 352-5053
                                          Facsimile: (601) 355-0173
                                          felecia@feleciaperkins.com
                                          jessica@feleciaperkins.com
                                          *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, FELECIA PERKINS, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification to such filing to the following:

Gary E. Friedman, Esq.
H. David Clark, Esq.
P.O. Box 16144
Jackson, Mississippi 39211
friedmag@phelps.com
trey.clark@phelps.com
*Counsel for Defendants*

This the 28th day of May, 2015.

                                                     s/ Felecia Perkins
                                                    FELECIA PERKINS